UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 12 CR 775-1 |
| | Judge James B. Zagel |
| MARK JONES. | |

## MEMORANDUM OPINION AND ORDER

Defendant Mark Jones was charged in an indictment in this case on November 13, 2012 with two counts of distribution of a quantity of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). On July 16, 2013, Defendant was sentenced by the Court to a term of 96 months imprisonment. Presently before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c). Defendant's motion is based on Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels applicable to narcotics offenses. For the reasons discussed below, I am denying Defendant's motion.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). Thus, a defendant urging a sentence reduction under Section 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a

sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 671-72 (7th Cir. 2015).

Here, Defendant cannot satisfy the first criterion of Section 3582(c)(2) because Amendment 782 did not lower the sentencing range established for a career offender. In other words, Defendant's offense level remains exactly what it was at the time of sentencing. Accordingly, Defendant is not eligible for any relief under Section 3582(c), and I am denying Defendant's motion.

ENTER:

James B. Zagel
United States District Judge

DATE: August 26, 2015